IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| RONALD E. PROCTOR, | No. 147, 2001 |
| Defendant Below, Appellant, | Court Below: Superior Court of the State of Delaware in and for Sussex County |
| v. | |
| STATE OF DELAWARE, | Cr. A. No. IS98-11-0579W. |
| Plaintiff Below, Appellee. | Def. ID No. 9809013934 |

Submitted: June 6, 2001
Decided: July 18, 2001

Before **WALSH, HOLLAND and BERGER,** Justices.

### ORDER

This 18th day of July 2001, it appears to the Court that:

(1)  On April 3, 2001, Ronald E. Proctor, Jr., filed an untimely *pro se* notice of appeal from his conviction, following the entry of his guilty plea, and his sentencing, on September 8, 2000, in Cr.A. No. IS98-11-0579W. On April 3, 2001, the Clerk issued a notice directing that Proctor show cause why his appeal should not be dismissed as untimely filed. Proctor responded to the notice, and the State filed an answer to Proctor's response.



Exhibit "C"

(2) In his response to the notice to show cause, Proctor asserts that he inadvertently misfiled his notice of appeal in the Superior Court. Indeed, it appears from the Superior Court record that Proctor filed an original notice of appeal with the Superior Court Prothonotary on October 11, 2000, 33 days after his September 8 sentencing.

(3) By letter dated May 9, 2001, the Clerk brought Proctor's untimely notice of appeal to the attention of Ruth Matruder Smythe, Esquire, who was Proctor's trial counsel in the Superior Court. On June 6, 2001, after an exchange of letters with the Clerk, Ms. Smythe filed a formal notice of appeal and directions to the court reporter on behalf of Proctor.

(4) A defendant's trial attorney has a duty to take appropriate steps to perfect a direct appeal, if the defendant wants to appeal and makes his wishes known to his attorney.[1] The attorney is required to file the appeal whether or not the attorney believes the appeal to be meritorious.[2]

(5) Time, however, is a jurisdictional requirement.[3] A notice of appeal must be received by the Office of the Clerk of this Court within the

---

[1] *Dixon v. State*, Del. Supr., 581 A.2d 1115, 1116 (1990) (citing *Erb v. State*, Del. Supr., 332 A.2d 137, 139 (1974)).

[2] Supr. Ct. R. 26(a)(ii). In the event the attorney finds that the appeal clearly presents only frivolous claims, the attorney may file a brief under Supreme Court Rule 26(c).

[3] *Carr v. State*, Del. Supr., 554 A.2d 778, 779 (1989).

applicable time period.[4] Because this Court cannot waive jurisdictional defects, the Court lacks jurisdiction to entertain Proctor's (and his counsel's) untimely appeal.[5]

(6) In this case, it is not clear whether Proctor informed Ms. Smythe that he wanted to file a notice of appeal. The record fairly reflects, however, that Proctor manifested an intent to docket a direct appeal. The Court concludes that, under the circumstances of this case, the Superior Court should consider resentencing Proctor to renew the time to file the appeal.[6] The alternative remedy would appear to be a motion for postconviction relief pursuant to Superior Court Criminal Rule 61 filed by Proctor in accordance with *Braxton v. State*.[7]

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED and REMANDED to the Superior Court. Ms. Smythe shall continue to represent Proctor in the Superior Court and in this Court, should

---

[4]*Id.*; Supr. Ct. R. 10(a).

[5]*Eller v. State*, Del. Supr., 531 A.2d 951, 953 (1987).

[6]Compare *Eley v. State*, Del. Supr., No. 42, 2000, Walsh, J., 2000 WL 275593 (Feb. 29, 2000) (ORDER) (dismissing and remanding untimely appeal for resentencing and for appointment of new counsel where attorney disregarded his client's instructions to file an appeal).

[7]*Braxton v. State*, Del. Supr., 479 A.2d 831, 834-35 (1984).

Proctor wish to file a motion for resentencing and an appeal from a new sentencing order. Jurisdiction is not retained.

BY THE COURT:

_____
Justice