IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| RONALD E. PROCTOR, JR., | § |
| | § |
| | § |
| Plaintiff Below- | § Nos. 383/385, 2003 |
| Appellant, | § (Consolidated) |
| | § |
| v. | § Court Below—Superior Court |
| | § of the State of Delaware, |
| STATE OF DELAWARE, | § in and for Kent County and |
| | § Sussex County |
| Defendant Below- | § C.A. Nos. 03M-06-001 and |
| Appellee. | § 03M-06-010 |

Submitted: April 23, 2004
Decided:  June 29, 2004

Before **STEELE**, Chief Justice, **HOLLAND**, and **BERGER**, Justices.

### ORDER

This 29th day of June 2004, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The defendant-appellant, Ronald Proctor, filed these consolidated appeals from the respective orders of the Superior Court in both Kent and Sussex County denying Proctor's separate petitions seeking habeas corpus relief. We find no merit to the appeals. Accordingly, we affirm the Superior Court's judgments.

(2) Police in Florida arrested Proctor in November 1998. Proctor waived extradition and was returned to Delaware to face outstanding criminal charges in both Kent and Sussex County. Proctor pled guilty in

Exhibit F

Sussex County to three counts of reckless endangering, escape, and theft. The Superior Court sentenced him on September 8, 2000 as an habitual offender to a total period of nineteen years at Level V incarceration to be suspended after serving six years for decreasing levels of supervision. In Kent County, Proctor pled guilty to a lesser included offense of third degree burglary. The Superior Court sentenced him as an habitual offender on October 27, 2000 to a total period of seven years at Level V incarceration to be suspended after serving three years for probation.

(3) In his opening brief on appeal, Proctor raises two issues. First, he contends that the Superior Court's habitual offender sentences were prohibited by 11 Del. C. § 2549. Proctor also contends that the Superior Court erred in both cases by failing to bring him to the court within three days of his application for a writ as required by 10 Del. C. § 6907.

(4) Proctor's arguments misconstrue both statutes. The unambiguous language of 11 Del. C. § 2549[1] states that an habitual offender sentence is not required for an extradited defendant. As this Court previously has held, however, Section 2549 does not prohibit the Superior

---

[1] 11 Del. C. § 2549 provides: "Nothing in this agreement [Uniform Agreement on Detainers] shall be construed to require the application of the habitual offenders law to any person on account of any conviction had in a proceeding brought to final disposition by reason of the use of the agreement."

Court, in its discretion, from imposing an habitual offender sentence.[2] Furthermore, contrary to Proctor's argument, 10 Del. C. § 6907 does not require that a prisoner be produced in court within three days of the filing an application for a writ of habeas court. To the contrary, Section 6907 requires that a prisoner be produced within three days of the issuance and service of the writ itself upon the agent holding the prisoner in custody.[3] In this case, the Superior Court properly denied both of Proctor's applications without issuing the writ because Proctor's commitment in both cases was regular on its face.[4]

NOW, THEREFORE, IT IS ORDERED that the judgments of the Superior Court are AFFIRMED.

BY THE COURT:

_Carolyn Berger_
Justice

---

[2] *Videtto v. State*, 2003 WL 21692214 (Del. July 18, 2003).

[3] 10 Del. C. § 6907(a) provides in relevant part that "[w]hen the writ of habeas corpus is served on the person to whom it is directed...such person shall, without delay and within 3 days thereafter, produce the body of the prisoner as therein commanded...."

[4] 10 Del. C. § 6902(1).