May 30, 2003

03M-06-001 E

FILED 03 JUN -5 AM 11:15 PROTHONOTARY SUSSEX CO.

Hon. E. Scott Bradley
Superior Court
Geo, De 19947

Re:   Enclosed Writ of Habeas Corpus

Dear Judge Bradley:

I have reviewed the relevant case law on the subject matter application of 11§2549 and found there is "NO" case law on this.

I've also applied the Bench Book as to the lead offense sentenced under and I am about 2yrs over the maximum amount under the Bench Book on this sentence I am currently under and given this, the commitment is "NOT" regular on its face. Jones v. Anderson Del. Supr. 183 A.2d 177, 178 (1962) citing Curran v. Woodley Del. Supr. 104 A.2d 771 (1954) Thus, the Writ must issue.

Sincerely yours,

X _____
Ronald E. Proctor Jr.
1181 Gladstock Rd
Smyrna, De 19977

XC: File
Attachments: (1) Writ of Habeas Corpus.

B-8

IN THE _Superior_ COURT OF THE STATE OF DELAWARE
IN AND FOR _Sussex_ COUNTY

IN THE MATTER OF THE PETITION OF ) C.A. No. _03M-06-001_
_Ronald E. Proctor, Jr._ ) Habeas Corpus

The State of Delaware,

You are Commanded:

To have _Ronald E. Proctor Jr._ who is allegedly detained in your custody, before the Superior Court of the State of Delaware, at the County Court House at _Georgetown_, Delaware immediately after the receipt of this Writ; and to abide any order which the Court shall make concerning Petitioner.

And further, to certify fully in writing under oath the true cause of said detention, and to have there a copy of all process or orders, if any, under which he is detained and also this Writ.

_____
Prothonotary

Dated: _____

To the above named Respondent:

In case of your failure to produce _____ as above commanded, and fully certify in writing under oath the true cause of his detention, with a copy of all process or orders, if any, under which he is detained, within 3 days after service hereof upon you if the place where he is detained is not more than 20 miles from the County Court House, or within 6 days if such place is more than 20 miles, you may be adjudged to be in contempt of court.

_____
Prothonotary

B-9

IN THE _Superior_ COURT OF THE STATE OF DELAWARE
IN AND FOR _Sussex_ COUNTY

IN THE MATTER OF
_Ronald E. Proctor Jr_
for a writ of habeas corpus.

C.A. No. _03M-06-00_

## MEMORANDUM IN SUPPORT OF WRIT OF HABEAS CORPUS

The above defendant submits this memorandum in support of his petition for writ of habeas corpus. Petitioner states the following in support:

1. The criminal action number in this case is _98-11-0576 thru 0585 ID No. 9809013934_

2. Your petitioner is being unlawfully restrained of his liberty, in violation of the laws of the State of Delaware, by reason of (1) _Defendant was extradited to Delaware on 2-4-0 11§2501-2550_ (2) _Defendant was sentenced on 11-2-02 under 11§4214(A) Habitual offenders law._ (3) _11§2549 Prohibition in imposing habitual offenders law to any person on account of a conviction had in a proceeding brought to final disposition by reason of the use of the agreement. (See Exhibit "A")_

WHEREFORE, petitioner prays the petition issue and the writ granted.

X _Ronald E. Proctor Jr 163756_
Delaware Correctional Center
Smyrna, DE 19977

Dated: _May 30, 2003_



SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

SUSSEX COUNTY COURTHOUSE
THE CIRCLE
P.O. BOX 746
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5256

June 19, 2003

Ronald E. Proctor, Jr.
SBI# 00163750
Delaware Correctional Center
P.O. Box 500
Smyrna, DE 19977

      RE:    C.A. No. 03M-06-001

Dear Mr. Proctor:

      This is my decision on your Writ of Habeas Corpus. You have raised two arguments in support of your writ. One, you argue that your sentence on the charge of Reckless Endangering in the First Degree exceeds the Sentencing Accountability Commission ("SENTAC") guidelines by two years.[1] There is no merit to this argument because the SENTAC guidelines do not limit your sentence.[2] You could have received a sentence of up to life imprisonment under 11 *Del. C.* § 4214(a). Therefore, you have no grounds for relief because the six-year sentence that you did receive was within the statutory limits prescribed by the legislature.[3] Two, you argue that 11 *Del. C.* § 2549 prohibits you from being sentenced as a habitual offender because you were extradited from Florida to Delaware to face charges pending in Delaware.[4] You have misread

---

    [1]Proctor was originally sentenced, as a habitual offender under 11 Del. C. § 4214(a), to six years at supervision level V. The sentencing guidelines set forth a presumptive sentence of 30 months at supervision level V where the defendant has two or more prior felonies. Proctor does have at least two prior felonies.

    [2]Gaines v. State, 571 A.2d 765, 767 (Del. 1990).

    [3]Id.

    [4]11 Del. C., § 2549 states: Nothing in this agreement shall be construed to require the application of the habitual offenders law to any person on account of any conviction had in a proceeding brought to final disposition by reason of the use of the agreement.

section 2549. Section 2549 only states that the agreement on detainers does not require the application of the habitual offenders law. This is different from prohibiting the application of the habitual offenders law. There is simply no merit to either of the arguments that you have raised. Since you are being held pursuant to a lawful sentencing order, your Writ of Habeas Corpus is denied.

     IT IS SO ORDERED.

Very truly yours,

E. Scott Bradley

ESB:tll

cc:   Prothonotary's Office
       Prothonotary's Office (9809013934)